UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 19-cr-117-01-01 |
| VERSUS | CHIEF JUDGE HICKS |
| CEDRIC THOMPSON (01) | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

Cedric Thompson ("Defendant") is charged in a single-count indictment with mailing threatening communications in violation of 18 U.S.C. § 876(c). The indictment alleges that Defendant mailed a letter to a Department of Veterans Affairs ("VA") official wherein Defendant threatened violence if the VA did not award Defendant certain VA benefits.

Before the court is Defendant's Motion to Suppress. Doc. 94. The two-page, handwritten motion seeks the following relief: (A) suppression of any "taped or filmed evidence" made by any law enforcement agencies; (B) a finding of inadmissibility of any prior arrests or convictions; and (C) release from pretrial detention on Defendant's own recognizance. For the reasons that follow, it is recommended that the motion be denied.

**Law and Analysis**

    **A. Recorded Statements**

Law enforcement interviewed Defendant at his home regarding the letter at issue. Defendant argues that any recording of the interview should be suppressed.

The Government may not use statements stemming from a custodial interrogation of the defendant unless such interrogation was preceded by Miranda warnings. United States v. Salinas, 543 Fed. Appx. 458, 462 (5th Cir. 2013). Defendant's interview took place at Defendant's residence in Homer, Louisiana. Defendant acknowledges that he was not "under arrest" at the time of the interview. Doc. 94, p. 1. Because Defendant was not in custody during the interview, Miranda warnings were not required.

Defendant's motion notes that Defendant had no knowledge that he was being recorded, and he did not consent to it. Neither federal nor Louisiana law prohibits a participant to a conversation from recording the conversation without the other participant's knowledge or consent.

### B. Prior Arrests and Convictions

Defendant was convicted in December 2010 in the Western District of Texas, Waco Division, after threatening VA officials over a dispute about VA benefits. In 2017, Defendant was convicted of simple assault in Washington, D.C. after physically assaulting a volunteer worker at a VA center over a dispute regarding VA benefits. Defendant argues that the Government should not be allowed to introduce any of these prior convictions because of undue prejudice.

Defendant's prior two convictions for assault are very likely admissible under F.R.E. 404(b). These prior convictions are substantial evidence that the threat conveyed in the letter referenced in the current indictment was not made by mistake, accident, or inadvertence. Indeed, the Washington, D.C. conviction may be admissible as intrinsic evidence by providing the immediate context of events in time and place and to evaluate

all of the circumstances under which Defendant acted. United States v. Rice, 607 F.3d 133, 141 (5th Cir. 2010).

### C. Pretrial Release

Defendant requests that he be released on his own recognizance or to the custody of his brother, Bert Thompson. Defendant's request should be denied. Once Defendant's competency evaluation and restoration were completed, the court ordered that Defendant be allowed to self-release into the custody of his son, who is a resident of Texas. However, Defendant absconded from his son's supervision and returned home to Louisiana without court permission. He then refused to respond to any communications from the court's probation officer, Jennifer DeMoss. Thereafter, the court had no option left but to arrest Defendant and order that he be detained.

**Conclusion**

For the foregoing reasons, it is recommended that Defendant's Motion to Suppress (Doc. 94) be denied.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b)(2), parties aggrieved by this recommendation have **fourteen (14) days** from the date of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Crim. P. 45(b). A party may respond to another party's objections within **fourteen (14) days** from the filing of the objections. Counsel are directed to furnish a paper copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file timely written objections to the proposed findings, conclusions and recommendation set forth above shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of February, 2021.

Mark L. Hornsby
U.S. Magistrate Judge